1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KASEY F. HOFFMANN,                          No.  2:16-cv-0946 AC (PS)

12                  Plaintiff,

13        v.                                      ORDER

14   LASSEN COUNTY, et al.,

15                  Defendants.

16

17          Plaintiff is proceeding in this action pro se.  Although it appears that plaintiff is an inmate

18   in a county jail, this lawsuit does not challenge conditions of confinement.  This proceeding was

19   accordingly referred to the magistrate judge by E.D. Cal. R. ("Local Rule") 302(c)(21).

20                                I.  SCREENING STANDARD

21          The court previously granted plaintiff leave to proceed in forma pauperis ("IFP"), and to

22   amend the complaint.  ECF No. 6.  Plaintiff has now filed a First Amended Complaint

23   ("Complaint").  ECF No. 8.  Granting IFP status does not end the court's inquiry, however.  The

24   federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or

25   malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from

26   a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

27   ////

28
                                              1

1    Plaintiff must assist the court in making this determination by drafting the Complaint so

2    that it contains a "short and plain statement" of the basis for federal jurisdiction (that is, the

3    reason the case is filed in this court, rather than in a state court), as well as a short and plain

4    statement showing that plaintiff is entitled to relief (that is, who harmed plaintiff, and in what

5    way).  Plaintiff's claims must be set forth simply, concisely and directly.  See "Rule 8" of the

6    Federal Rules of Civil Procedure (Fed. R. Civ. P. 8).  The Federal Rules of Civil Procedure are

7    available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-

8    rules-civil-procedure.  Forms are also available to help a pro se plaintiff organize the Complaint

9    in the proper way.  They are available online at www.uscourts.gov/forms/pro-se-forms.

10    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11    Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing plaintiff's Complaint under this

12    standard, the court will (1) accept as true all of the factual allegations contained in the Complaint,

13    unless they are clearly baseless or fanciful, (2) construe those allegations in the light most

14    favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S.

15    at 327; Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art

16    at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v.

17    Pliler, 627 F.3d 338, 340 (9th Cir. 2010).

18    However, the court need not accept as true, legal conclusions cast in the form of factual

19    allegations, or allegations that contradict matters properly subject to judicial notice.  See Western

20    Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors,

21    266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

22    Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

23    Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may

24    only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support

25    of the claim which would entitle plaintiff to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th

26    Cir. 2014).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an

27    opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

28    Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

## II.  THE COMPLAINT

It is difficult to understand from the Complaint exactly what plaintiff's case is about.  As best the court can discern, plaintiff has filed this lawsuit to challenge alleged interference with parental rights, and for decisions regarding child custody.  Although it is not completely clear from the Complaint, it appears that these issues were adjudicated in state court by "Judge Verirosa."

Plaintiff sues the following defendants: (1) "Banner Lassen Hospital," where plaintiff's son was born, for failing to instruct plaintiff on what forms needed to be signed; (2) Child Family Services (which, according to the complaint, wrongfully took the child into custody), "County Counsel," "Judge Verirosa," "Grace Poor," "Katherin Nielson," and "D. Nichols LCCFS, OA III" for violating plaintiff's constitutional right to parent; and (3) William Biggs, an attorney, for failing to represent plaintiff properly.  Plaintiff also sues "Lassen County," but the complaint contains no allegations against that defendant.  The Complaint also alleges that plaintiff's rights were violated because of plaintiff's membership of an unidentified disadvantaged minority.

## III.  ANALYSIS

The Complaint appears to allege that a state court judge, acting in her judicial capacity, adjudicated plaintiff's parental and custodial rights.  State court judges are absolutely immune from suit in federal court where, as here, they are sued for their judicial actions.  Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).  The action against "Judge Verirosa" will therefore be dismissed.

Although it is difficult to tell from the Complaint, it appears that the actions allegedly engaged in by Child Family Services and its personnel, were adjudicated in state court.  Plaintiff may not challenge those determinations in this court.  Branson v. Nott, 62 F.3d 287, 291 (9th Cir.) ("federal district courts have no authority to review the final determinations of a state court in judicial proceedings … [and this] is true even when the challenge to a state court decision involves federal constitutional issues"), cert. denied, 516 U.S. 1009 (1995).

The Complaint contains no allegations against Grace Poor, Katherin Nielson, or D. Nichols, other than the legal conclusion that they violated plaintiff's constitutional right to parent.

It is not enough to allege a legal conclusion.  See Western Mining Council, 643 F.2d at 624 ("We do not, however, necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations").  The Complaint must allege the *facts* which show that each defendant violated plaintiff's rights.  The action against these defendants, and against Lassen County, against which no allegations are made at all, will therefore be dismissed.

Plaintiff's allegation against Banner Lassen Hospital – that it failed to properly instruct plaintiff on what forms to complete – does not state a federal claim against the hospital.  To the degree plaintiff alleges that the hospital violated plaintiff's rights to equal protection of the law under the Fifth or Fourteenth Amendments to the U.S. Constitution, the Complaint fails to allege facts (1) showing that the hospital is subject to those provisions, and (2) plausibly showing that the hospital "acted with an intent or purpose to discriminate … based upon membership in a protected class."  Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013) (internal quotation marks omitted).  The action against the hospital will therefore be dismissed.

Plaintiff's allegation against William Biggs – that he failed to properly represent plaintiff – fails to state a federal claim.  The action against Briggs will therefore be dismissed.

IV.  CONCLUSION

The allegations of the Complaint are sufficiently unclear that the court cannot say for certain that it would be futile to permit plaintiff to amend it.  Plaintiff will therefore be granted an opportunity to amend the Complaint.  However, plaintiff is cautioned to take heed of the reasons this Complaint is being dismissed: the amended complaint may not challenge state court decisions here; it may not sue a state court judge here for performance of her judicial duties; it must state *facts* showing that plaintiff's rights were violated, and by which defendant; and it must allege facts showing that this action is properly brought here – in federal district court – rather than in state court.

For the reasons stated above, IT IS HEREBY ORDERED that:

1.  The Clerk of the Court shall randomly assign a district judge to this case

////

4

2.  The First Amended Complaint (ECF No. 8) is DISMISSED with leave to amend within 30 days of the date of this order.  If plaintiff fails to comply with this order in a timely manner, the undersigned may recommend that this action be dismissed for lack of prosecution.

DATED: September 20, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

5