UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY F. HOFFMANN, | No. 2:16-cv-0946 JAM AC (PS) |
| Plaintiff, | |
| v. | ORDER |
| LASSEN COUNTY, et al., | |
| Defendants. | |

Plaintiff is proceeding in this action pro se. Although it appears that plaintiff is an inmate in a county jail, this lawsuit does not challenge conditions of confinement. This proceeding was accordingly referred to the magistrate judge by E.D. Cal. R. ("Local Rule") 302(c)(21).

The court previously granted plaintiff leave to proceed in forma pauperis ("IFP"), and to amend his First Amended Complaint. ECF Nos. 7, 9. Plaintiff has now filed a Second Amended Complaint ("Complaint"). ECF No. 10.

I.  SCREENING

Granting IFP status does end the court's inquiry. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the

1

complaint is frivolous or not, by drafting the Complaint so that it contains a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), as well as a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed plaintiff, and in what way). Plaintiff's claims must be set forth simply, concisely and directly. See "Rule 8" of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 8). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure. Forms are also available to help a pro se plaintiff organize the Complaint in the proper way. They are available online at www.uscourts.gov/forms/pro-se-forms.

   A.  Screening Standard

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing plaintiff's Complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the Complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).

However, the court need not accept as true, legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle plaintiff to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an

////

opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### B. The Complaint

The Complaint alleges the following facts, which are presumed to be true for screening purposes only. Plaintiff's son was taken from his mother after she and her boyfriend abused the boy. Complaint at 2. At the time, plaintiff was "detained," but he had a stable home for his son to live in. Id. Plaintiff was not awarded custody on the grounds that plaintiff was the "alleged" father, and because of his prior drug use. Id. In fact, plaintiff is the boy's "established" biological father. Id. His parental rights were nevertheless terminated. Id.

The Complaint alleges that his parental rights to the child were terminated in violation of the Indian Child Welfare Act ("ICWA"), plaintiff's substantive Due Process right to parent his child, and his rights under the 5th, 9th, and 14th Amendments to the U.S. Constitution. The Complaint further alleges that plaintiff was deprived of his First Amendment right "to raise his child in Indian customs."

The Complaint is not clear about who did what, but as best the court can tell, plaintiff is suing Lassen County, Lassen County Child Services, County Counsel ("Jane Doe"), Grace Poor, Katherin Nielson and D. Nichols (CCCFS, OA III), for improperly terminating his parental rights, in violation of the ICWA, and the 5th, 9th, and 14th Amendments to the U.S. Constitution. Complaint at 1-2. He is suing Banner Lassen Hospital and William Biggs for failing to instruct plaintiff on what forms to sign when his son was born – thus allowing the other defendants to terminate his parental rights – in violation of the ICWA, and the 5th, 9th, and 14th Amendments to the U.S. Constitution. Id. at 2-3. Plaintiff is also suing William Biggs for ineffective assistance of counsel, and failing to protect his constitutional and ICWA rights. Complaint at 3.

### C. Analysis

#### 1. Indian Child Welfare Act

The termination of parental rights to an Indian child may not occur unless certain requirements of the ICWA have been complied with. See 25 U.S.C. § 1912(d) (requiring exhaustion of remedial and rehabilitative services), (f) (requiring a showing of serious harm).

1 The parent of an Indian child may sue in this court to challenge a state court's termination of his parental rights, notwithstanding the *Rooker-Feldman* doctrine.[1] Doe v. Mann, 415 F.3d 1038, 1040 (9th Cir. 2005).

The Complaint, however, does not allege that plaintiff's child is an Indian child. The Complaint is plaintiff's third complaint, yet it is the first time plaintiff has given any indication that the ICWA may be involved. If this action is about plaintiff's parental rights in relation to an Indian child, the complaint must state so explicitly.

### 2. Constitutional claims

The complaint alleges no facts showing that any constitutional right of plaintiff's was violated by any of the defendants.

### 3. Remaining claims

Plaintiff's allegation against Banner Lassen Hospital and William Biggs – that they failed to properly instruct plaintiff on what forms to complete – does not state a federal claim against the hospital. To the degree plaintiff alleges that defendants violated plaintiff's rights to equal protection of the law under the Fifth or Fourteenth Amendments to the U.S. Constitution, the Complaint fails to allege facts (1) showing that defendants are is subject to those provisions, and (2) plausibly showing that defendants "acted with an intent or purpose to discriminate … based upon membership in a protected class." Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013) (internal quotation marks omitted). The action against the hospital will therefore be dismissed.

Plaintiff's allegation against William Biggs – that he failed to provide adequate counsel – fails to state a federal claim. The action against Briggs will therefore be dismissed.

////

---

[1] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). In its prior screening order, the court stated that "'federal district courts have no authority to review the final determinations of a state court in judicial proceedings ….'" ECF No. 9 at 3 (quoting Branson v. Nott, 62 F.3d 287, 291 (9th Cir.), cert. denied, 516 U.S. 1009 (1995)). However, the First Amended Complaint, which was adjudicated by the screening order, made no mention of the ICWA, which provides an exception to that general rule.

## II. CONCLUSION

The Complaint raises the *possibility* that plaintiff's rights were violated under the ICWA. However, the Complaint is not tenable in its current form, as it fails to allege that the child involved is an Indian child, and it fails to allege how the termination of plaintiff's parental rights violated the ICWA. Plaintiff will therefore be granted another opportunity to amend his Complaint.

Plaintiff is cautioned that it is not sufficient to allege that the termination of his parental rights violated the ICWA. Rather, he must allege *facts* that show that particular provisions of that law were violated. Similarly, if plaintiff chooses to amend his constitutional claims, he must allege facts that show how particular provisions of the constitution were violated.

Plaintiff is further cautioned that it is not sufficient to list defendants and allege that they all violated his rights. Plaintiff must identify each defendant, and explain how each defendant deprived plaintiff of those specific rights.

For the reasons stated above, IT IS HEREBY ORDERED that the Second Amended Complaint (ECF No. 10) is DISMISSED with leave to amend. Plaintiff shall have 30 days from the date of this order to amend the Complaint. If plaintiff fails to comply with this order in a timely manner, the undersigned may recommend that this action be dismissed for lack of prosecution.

DATED: October 25, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE