UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY F. HOFFMANN, | No. 2:16-cv-0946 JAM AC (PS) |
| Plaintiff, | |
| v. | ORDER |
| LASSEN COUNTY, et al., | |
| Defendants. | |

Plaintiff is proceeding in this action pro se. This proceeding was accordingly referred to the magistrate judge by E.D. Cal. R. ("Local Rule") 302(c)(21). Although it appears that plaintiff is an inmate in a county jail, this lawsuit does not challenge conditions of confinement.

The court previously dismissed plaintiff's Second Amended Complaint, and granted him leave to amend. ECF Nos. 9. Plaintiff has now filed a Third Amended Complaint ("Complaint"). ECF No. 10. The Complaint alleges that plaintiff's son, an Indian child, was taken from plaintiff in violation of the Indian Child Welfare Act ("ICWA"), and the U.S. Constitution.

I. SCREENING

Because plaintiff is proceeding under the federal in forma pauperis ("IFP") statute, this court must dismiss the case if it is legally "frivolous or malicious," fails to state a claim upon

1

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether the complaint is frivolous or not, by drafting the Complaint so that it contains a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), as well as a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed plaintiff, and in what way). Plaintiff's claims must be set forth simply, concisely and directly. See "Rule 8" of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 8). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure. Forms are also available to help a pro se plaintiff organize the Complaint in the proper way. They are available online at www.uscourts.gov/forms/pro-se-forms.

A. Screening Standard

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing plaintiff's Complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the Complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010).

However, the court need not accept as true, legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle plaintiff to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th

Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

B. The Complaint

The Complaint alleges the following facts, which are presumed to be true for screening purposes only. Plaintiff is the biological father of an Indian child.[1] Third Amended Complaint ("Complaint") (ECF No. 12) at 1. The child's status as an Indian child comes "by his paternal parent." Id. Plaintiff's status as the biological father of the child was confirmed by DNA testing on July 24, 2015. Complaint at 2.

Plaintiff was incarcerated on February 17, 2015. Id. In May 2015, Lassen County, acting through Lassen Family Services and its employees ("defendants"), "detained" plaintiff's son, apparently under the authority of Cal. Welfare & Inst. Code § 300(a), (b) & (e).[2] Id. Defendants interviewed plaintiff, who explained that he had never caused harm to the child, despite his past "life and choices." Id. at 2.

On May 16, 2015, defendants conducted a "detention hearing" under Cal. Welfare & Inst. Code § 300. Id. at 2. At the hearing, defendants failed to present evidence that plaintiff's child was at risk of serious harm. Id. Instead, defendants presented false allegations of child abuse by plaintiff. Id. at 2. Defendants also introduced evidence of plaintiff's "use of drugs or a violent felon[y]" to establish harm, even though, according to plaintiff, those things did not put the child at risk. Id.

C. Analysis

1. Indian Child Welfare Act

> The … ICWA… was the product of rising concern in the mid-1970's over the consequences to Indian children, Indian families, and Indian tribes of abusive child welfare practices that resulted in the separation of large numbers of Indian children from their families and tribes through adoption or foster care placement,

---

[1] See 25 U.S.C. § 1903(4) (definition of "Indian child").
[2] In general terms, the statute provides that a child at risk of serious harm because of their parent's actions or neglect "is within the jurisdiction of the juvenile court which may adjudge that person to be a dependent child of the court." Cal. Welf. & Inst. Code § 300.

3

> usually in non-Indian homes. Congress found that an alarmingly high percentage of Indian families [were being] broken up by the removal, often unwarranted, of their children from them by nontribal public and private agencies. This wholesale removal of Indian children from their homes prompted Congress to enact the ICWA, which establishes federal standards that govern state-court child custody proceedings involving Indian children.

Adoptive Couple v. Baby Girl, 133 S. Ct. 2552, 2557 (2013) (citations and internal quotation marks omitted); Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1044-45 (9th Cir. 2003) ("ICWA was enacted 'to protect the best interests of Indian children and to promote the stability and security of Indian tribes and families by establishing minimum federal standards for the removal of Indian children from their families and the placement of such children in foster or adoptive homes....' H.R. Rep. 95-1386, 1978 U.S.C.C.A.N. 7530 (July 24, 1978).").

The ICWA provides that "[a]ny Indian child who is the subject of any action for … termination of parental rights under State law, [and] any parent … from whose custody such child was removed … may petition any court of competent jurisdiction to invalidate such action upon a showing that such action violated any provision of sections 1911, 1912, and 1913 of this title." 25 U.S.C. § 1914. Moreover, it appears that plaintiff may sue in this court notwithstanding the *Rooker-Feldman* doctrine, which normally prohibits federal courts from reviewing decisions of state courts.[3] Doe v. Mann, 415 F.3d 1038, 1040 (9th Cir. 2005) (the parent of an Indian child may sue in federal court to challenge a state court's termination of his parental rights, notwithstanding the *Rooker-Feldman* doctrine), cert. denied, 547 U.S. 1111 (2006); Mozes v. Mozes, 239 F.3d 1067, 1085 n.55 (9th Cir. 2001) ("[b]ecause the doctrine is one of congressional intent, not constitutional mandate, it follows that where Congress has specifically granted jurisdiction to the federal courts, the doctrine does not apply").

Plaintiff alleges that defendants terminated his parental rights to the Indian child even though defendants failed to show that the child was at risk of serious harm, in violation of 25

////

---

[3] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

U.S.C. § 1912(f).[4]  Instead of making this showing, defendants presented false allegations of plaintiff's child abuse, and introduced evidence of plaintiff's drug use, incarceration and criminal history, even though, plaintiff alleges, those things were unrelated to the child's welfare.

For screening purposes, plaintiff has alleged sufficient facts to require defendants to respond to his claim that his rights under the ICWA were violated.

### 2. Constitutional and state claims

The complaint alleges that defendants violated his Due Process rights, and his rights under the Welfare & Institutions Code, in the dependency hearing.  Those claim are based upon the same allegations that support plaintiff's claim that defendants violated his rights under the ICWA.  Even assuming that the allegations of the complaint could support a Due Process or state law claim, this court cannot determine the matter because of the *Rooker-Feldman* doctrine.  See Cooper v. Ramos, 704 F.3d 772, 777 (9th Cir. 2012) (review of state court judgments "'may be had only in [the Supreme] Court'") (quoting District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983)).  The exception to this rule that applies to the ICWA claim does not extend to plaintiff's constitutional and state law claims.

## II. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff may proceed now to serve defendants, as set forth below, and pursue his ICWA claims against those defendants.  Alternatively, plaintiff may delay serving those defendants, and attempt to state Due Process and state law claims against them.

2. If plaintiff elects to amend his complaint to state claims other than under the ICWA, he has thirty days so to do, and he may skip the following service instructions (Nos. 3-7).  Plaintiff is not obligated to amend his complaint.  However, if he does so, the amended complaint will also be subject to screening.

---

[4] "No termination of parental rights may be ordered in such proceeding in the absence of a determination, supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child." 25 U.S.C.A. § 1912(f).

3. If plaintiff elects to proceed now on his ICWA claims alone, then within thirty days, plaintiff must return the materials for service of process that are enclosed with this order, as described below. In this event the court will construe plaintiff's election as consent to the dismissal of all other claims, without prejudice.

4. Service is appropriate for the following defendants: Lassen County; Lassen Family Services; Dena Bovee; Grace Poor; Katherin Nielson; and D. Nichols (CCCFS, OA III).[5]

5. The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal is directed to serve within ninety days of the date of this order, all process pursuant to Federal Rule of Civil Procedure 4, without prepayment of costs.

6. The Clerk of the Court shall send plaintiff, for each defendant in ¶ 5, above: one USM 285, one summons, a copy of the complaint, and an appropriate form for consent to trial by a magistrate judge.

7. Plaintiff is directed to supply the U.S. Marshal, within 15 days from the date this order is filed, all information needed by the Marshal to effect service of process, and shall file a statement with the court that said documents have been submitted to the United States Marshal. The court anticipates that, to effect service, the U.S. Marshal will require, for each defendant in ¶ 4, above, at least:

    a. One completed summons;

    b. One completed USM-285 form;

    c. One copy of the endorsed filed complaint, with an extra copy for the U.S. Marshal;

    d. One copy of the instant order; and

    e. An appropriate form for consent to trial by a magistrate judge.

8. In the event the U.S. Marshal is unable, for any reason whatsoever, to effect service on the defendants within 90 days from the date of this order, the Marshal is directed to report that fact, and the reasons for it, to the undersigned.

---

[5] The court will not order service on the un-named Lassen County Counsel ("Jane Doe"), until plaintiff has identified her.

9. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

10. Failure to comply with this order may result in a recommendation that this action be dismissed.

DATED: December 28, 2016

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8                             UNITED STATES DISTRICT COURT
9                          FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   KASEY F. HOFFMANN,                            No. 2:16-cv-0946 JAM AC (PS)
12              Plaintiff,
13         v.                                      <u>NOTICE OF SUBMISSION</u>
14   LASSEN COUNTY, et al.,
15              Defendants.
16
17       Plaintiff has submitted the following documents to the U.S. Marshal, in compliance with
18   the court's order filed _____:
19       ____   completed summons form
20       ____   completed USM-285 form
21       ____   copy of the complaint
22       ____   completed form to consent or decline to consent to magistrate judge jurisdiction
23
24
25   _____          _____
     Date                                     Plaintiff's Signature
26
27
28
                                                    1