UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY F. HOFFMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>LASSEN COUNTY, et al.,<br><br>        Defendants. | No. 2:16-cv-00946-JAM-AC<br><br>FINDINGS AND RECCOMENDATIONS |

This matter is before the court on defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19. ECF No. 23. Plaintiff is proceeding pro se in this case, and the matter was accordingly referred to the undersigned for pretrial matters pursuant to Local Rule 302(c)(21). Plaintiff filed a response opposing defendants' motion, dated April 5, 2017 but filed April 14, 2017. ECF No. 26. Defendants filed a reply, in which they argued plaintiff's opposition was untimely. ECF No. 27. Plaintiff filed a sur-reply to defendants' reply. ECF No. 28. Defendants filed an opposition to plaintiff's sur-reply, arguing it should be disregarded as an impermissible filing. ECF No. 28.

### I.   RELEVANT FACTUAL BACKGROUND

Plaintiff filed this action initially on May 5, 2016 as a pro se prisoner complaint. After dismissing plaintiff's first two complaints, the court ordered that plaintiff may pursue his claims under the Indian Child Welfare Act ("ICWA"), 25 U.S.C. §§ 1901–1963, as stated in plaintiff's

1

Third Amended Complaint. ECF Nos. 13 and 12.

Plaintiff alleges he is the biological father of an Indian child. ECF No. 12 at 1, see also, 25 U5 U.S.C. § 1903(4) (definition of "Indian child"). Plaintiff was incarcerated on February 17, 2015. ECF No. 12 at 2. According to plaintiff, Lassen County, acting through Lassen Family Services and its employees ("defendants"), "detained" plaintiff's son in May of 2015, apparently under the authority of Cal. Welfare & Inst. Code § 300(a), (b) & (e). Id. Defendants allegedly interviewed plaintiff, who explained that he never caused harm to the child, despite his past "life and choices." Id. at 2.

On May 16, 2015, plaintiff states that defendants conducted a "detention hearing" under Cal. Welfare & Inst. Code § 300. Id. Plaintiff alleges that at the hearing, defendants failed to present evidence that plaintiff's child was at risk of serious harm; instead they made false allegations of child abuse. Id. Plaintiff alleges that defendants conspired to oppress the plaintiff by giving custody of his child back to the child's mother. Id. at 4. Plaintiff asks the court to enter an order that plaintiff be allowed visits with his son, that he be awarded compensatory damages, and that he have joint legal and physical custody of his son. Id.

## II.     ISSUES PRESENTED

As a preliminary matter, defendants assert that plaintiff's response to their motion to dismiss was untimely and should not be considered. ECF No. 27 at 2. Defendants also argue that the court should not consider plaintiff's unsolicited sur-reply. ECF No. 29.

Substantively, defendants seek dismissal of this case pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join necessary parties that cannot feasibly be joined, including plaintiff's child's mother, his child, and the Indian tribe(s) to which plaintiff claims the child is a member or eligible to become a member for purposes of ICWA. ECF No. 23-1 at 2.

## III.    ANALYSIS

A. Untimely Response and Unsolicited Sur-Reply

The court will consider plaintiff's opposition to defendants' motion to dismiss. Pursuant to this court's order of March 17, 2017, plaintiff's response to defendants' motion was due on Friday, April 7, 2017. ECF No. 24. Though plaintiff's response was dated April 5, it was not

1  docketed until April 14, 2017.  ECF No. 26 at 8.  Plaintiff's response brief will be considered

2  timely pursuant to the prison mailbox rule, in which a document is deemed served or filed on the

3  date a prisoner signs the document and gives it to prison officials for mailing.  See Houston v.

4  Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056,

5  1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated

6  inmates).  The undersigned gives plaintiff's response brief (ECF No. 26) full consideration.

7  With respect to plaintiff's unsolicited sur-reply, the court declines consideration.

8  Following receipt of defendants' reply brief, the motion was deemed submitted for hearing

9  without oral argument.  ECF No. 24.  The court did not request any additional briefing, and will

10  not consider any additional briefing.

11  B.  Dismissal for Failure to Join Necessary Parties

12  Because plaintiff failed to join necessary parties in this matter, and because those parties

13  cannot feasibly be joined, dismissal of this case is required.  Federal Rule of Civil Procedure

14  12(b)(5) allows parties to assert as a defense and grounds for dismissal failure to join a party

15  under Fed. R. Civ. P. 19.  Rule 19 states, in relevant part:

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
> . . .
> (b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:

       (A) protective provisions in the judgment;
       (B) shaping the relief; or
       (C) other measures;
     (3) whether a judgment rendered in the person's absence would be adequate; and
     (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19.

  In evaluating whether a case should be dismissed for failure to join a necessary party, the court must consider "(1) whether an absent party is necessary to the action; and then, (2) if the party is necessary, but cannot be joined, whether the party is indispensable such that in 'equity and good conscience' the suit should be dismissed." Dawavendewa v. Salt River Project Agr. Imp. & Power Dist., 276 F.3d 1150, 1155 (9th Cir. 2002).

      (1) Plaintiff's Child's Mother is a Necessary Party

  Here, defendants assert that the mother of plaintiff's child, the child, and the Indian tribe of which the child is or is eligible to become a member are all necessary parties that cannot feasibly be joined.  Because the court finds that the child's mother is a necessary party that cannot feasibly be joined, requiring dismissal, the issues of the tribe and the child need not be reached. Plaintiff seeks to overturn a custody ruling providing custody to his child's mother.  ECF No. 12 at 4.  Because the child's mother stands to lose her parental rights and/or experience an alteration in the custody arrangements for her child, moving forward in this case without her would "impair or impede [her] ability to protect" her interest in her parental rights.  See, Fed. R. Civ. P. 19(a)(1)(B)(i).  Plaintiff admits that the child's mother "stands to lose all her rights with a restraining order against her to stay away from plaintiffs son," while simultaneously arguing on the same page that she does not stand to lose any rights. ECF No. 26 at 7.  The loss of her parental rights are a very real interest to the child's mother, and proceeding in this case without her would impede her ability to protect those rights.

      (2) The Child's Mother Cannot Feasibly be Joined and Dismissal is Required

  Having determined that the child's mother is a necessary party in this action, the court must determine if she can be joined, and if she cannot, whether she is an indispensable party such

4

that the case should be dismissed.  "Rule 19(a) sets forth three circumstances in which joinder is not feasible: when venue is improper, when the absentee is not subject to personal jurisdiction, and when joinder would destroy subject matter jurisdiction."  E.E.O.C. v. Peabody W. Coal Co., 400 F.3d 774, 779 (9th Cir. 2005).  Defendants assert that the child's mother cannot be joined because her whereabouts are unknown and she may be living out of state, and as such, this court's personal jurisdiction over her is not established.  ECF No. 6.  Plaintiff does not dispute this assertion and makes no proffer as to the whereabouts of the child's mother.  Because it is not clear that the court has personal jurisdiction over the plaintiff's child's mother, it is not feasible to join her.

Because it is infeasible to join plaintiff's child's mother, this action should, "in equity and good conscience," be dismissed.  "Rule 19(b) provides that the factors to be considered to determine whether an action should be dismissed because a non-party is indispensable are: (1) prejudice to any party or to the absent party; (2) whether relief can be shaped to lessen prejudice; (3) whether an adequate remedy, even if not complete, can be awarded without the absent party; and (4) whether there exists an alternative forum."  Confederated Tribes of Chehalis Indian Reservation v. Lujan, 928 F.2d 1496, 1499 (9th Cir. 1991).  Here, the absent party stands to suffer great prejudice if this case, which challenges her custody rights, continues without her.  This prejudice cannot be lessened by a creative remedy in light of plaintiff's allegations and demands.  An adequate remedy cannot be awarded without the absent party because visitation obligations, which are likely to necessitate the cooperation of the absent necessary party, are at stake.  Finally, an alternative forum is available in Lassen Superior Court, in which all parties have previously appeared.  ECF No. 23-1 at 7.  The court, finding that the mother of plaintiff's child is a necessary party to this action challenging her parental custody rights, and finding that she cannot feasibly be joined, recommends that this case be dismissed for failure to join a necessary party.

## CONCLUSION

This matter cannot proceed because plaintiff has failed to join a necessary party, and it is infeasible to join the necessary party.  Based on the foregoing analysis, it is RECOMMENDED that

1  (1) This action be DISMISSED without prejudice for failure to join a necessary party
2      pursuant to Fed. R. Civ. P. 12(b)(7) and (19).
3  (2) Remaining pending motions, including plaintiff's motion to compel (ECF No. 31) and
4      motion requesting issuance of a subpoena (ECF No. 33) be DENIED as MOOT.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: July 26, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE