UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY F. HOFFMANN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LASSEN COUNTY, et al.,<br><br>　　　　　Defendants. | No. 2:16-cv-00946-JAM-AC<br><br><br>FINDINGS AND RECOMMENDATIONS |

This matter is before the court on defendants' motion for attorney fees. ECF No. 39. Plaintiff is proceeding in this matter pro se, and accordingly this motion was referred to the undersigned pursuant to Local Rule 302(c)(21). For the reasons that follow, the undersigned recommends that defendants' motion be DENIED.

## I. RELEVANT PROCEDURAL HISTORY

Plaintiff, who is incarcerated, filed a civil rights complaint on May 4, 2016, alleging that his minor son was improperly "detained" and arguing that plaintiff was improperly denied child custody. See ECF No. 1 at 3. On May 19, 2016, plaintiff made a motion to amend his complaint (ECF No. 5), which the court granted (ECF No. 6). Plaintiff filed a First Amended Complaint on June 24, 2016. ECF No. 8. It was dismissed on screening, with leave to amend, on September 9, 2016. ECF No. 9. Plaintiff filed a Second Amended Complaint on October 19, 2016. ECF No. 10. The Second Amended Complaint was dismissed on screening with leave to amend. ECF No. 11. Plaintiff filed a Third Amended Complaint on November 22, 2016. ECF No. 12. The Third

Amended Complaint passed screening and was served upon the defendants. ECF No. 13.

Defendants moved to dismiss on March 16, 2017 on the grounds that plaintiff failed to join indispensable parties. ECF No. 23. Plaintiff opposed the motion (ECF No. 23), which was granted on September 28, 2017 (ECF No. 38) upon the adoption of the undersigned's Findings and Recommendations (ECF No. 35). Judgment was entered against plaintiff on September 28, 2017. ECF No. 38.

## II. THE MOTION

On October 10, 2016, defendants moved for attorneys' fees pursuant to Fed. R. Civ. P. 54(d) and 42 U.S.C. § 1988. ECF No. 39. Plaintiff opposed the motion (ECF No. 41) and defendants submitted a reply (ECF No. 42).

## III. ANALYSIS

Rule 54(d) provides for a prevailing party to seek costs, and if a statute so provides, attorneys' fees within 14 days of the entry of judgment. The statute defendants rely on, 42 U.S.C.A. § 1988, states in relevant part that "[i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title . . .the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs[.]" An award of fees to defendants, however, is only appropriate when "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." Hughes v. Rowe, 449 U.S. 5, 14 (1980). This is a stringent standard: "[t]he plaintiff's action must be meritless in the sense that it is groundless or without foundation." Id. The Supreme Court has made clear that, in the case of uncounseled prisoners, "attorney's fees should rarely be awarded." Id. at 15. "The fact that a prisoner's complaint, even when liberally construed, cannot survive a motion to dismiss does not, without more, entitle the defendant to attorney's fees. An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims." Id.

An award of fees is not warranted in this case. First, the motion is untimely as it was filed more than 14 days after entry of judgment. Compare ECF No. 38 and ECF No. 39. Further, the court rejects defendants' argument that plaintiff's case was frivolous in light of the status of his

2

state custody proceedings. This argument requires the court to assume that plaintiff understood the implications of the state case, and continued to pursue his federal case while understanding that it was meritless. Indeed, defendants succeeded in having plaintiff's case dismissed on technical legal grounds, not the grounds upon which they now assert made plaintiff's case meritless from the start. See ECF No. 35. This case does not meet the demanding standard set forth in Hughes, and an award of fees and/or costs is not appropriate.

Although there should be no award of fees in this case, plaintiff is nonetheless cautioned that filing meritless § 1983 cases can, under appropriate circumstances, lead to an award of attorneys' fees to a defendant who wins the case.

### IV. CONCLUSION

Therefore, IT IS HEREBY RECOMMENDED defendants' motion for attorneys' fees (ECF No.39) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 22, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE