UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KASEY F. HOFFMANN,<br><br>        Plaintiff,<br><br>    v.<br><br>LASSEN COUNTY, et al.,<br><br>        Defendants. | No. 2:16-cv-00946-JAM-AC<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, filed this action seeking relief under The Indian Child Welfare Act ("ICWA"), 25 U.S.C. §§ 1901-63. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Defendants move for attorney's fees, ECF No. 39, following dismissal of Plaintiff's third amended complaint for failure to join necessary parties. On January 23, 2018, the magistrate judge filed findings and recommendations, ECF No. 43, which were served on all parties. Defendants filed objections to those findings and recommendations. Obj., ECF No. 46.

///

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a _de novo_ review of this case. The Court adopts in part and modifies in part the findings and recommendations as to Defendants' motion for attorney's fees.

## I. LEGAL STANDARD

When a party objects to a magistrate judge's findings or recommendations, the district court makes a _de novo_ determination of those portions to which objection is made. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," and receive further evidence or send the matter back to the magistrate judge with instructions. Id.

_De novo_ review requires the court to "review the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006). The court need not hear any witnesses or hold a hearing of the case, so long as it arrives at an independent conclusion about the portions of the report to which objections were made. United States v. Remsing, 874 F.2d 614, 617–18 (9th Cir. 1989).

## II. ANALYSIS

Defendants object to both parts of the magistrate judge's reasoning for denying them attorney's fees. Opp'n at 1. First, Defendants assert that the magistrate judge was incorrect in finding that their motion was untimely, because it complied with

Local Rule 293(a). Id. at 2-3. Second, Defendants assert the magistrate judge incorrectly relied on Plaintiff's subjective belief that the complaint was filed in good faith. Id. at 3-4.

**A.   Defendants' Motion Was Timely**

Defendants' first argument as to timeliness is well taken. Defendants filed their motion for attorney's fees 28 days after entry of judgment. The magistrate judge accurately assessed that Defendants filed the motion beyond the 14-day period called for in Federal Rule of Civil Procedure 54(d)(2)(B). Nevertheless, Defendants persuasively argued that Local Rule 293(a) extends the filing period to 28 days after judgment. The 14-day deadline under Rule 54(d) applies in the absence of a statute or court order providing otherwise. Fed. R. Civ. P. 54(d)(2)(B). Local Rule 293(a) is a standing court order for purposes of Rule 54(d), Eastwood v. Nat'l Enquirer, Inc., 123 F.3d 1249, 1257 (9th Cir. 1997), rendering Defendants' motion timely.

**B.   The Factors In This Case Weigh Against A Fee Award**

Defendants next assert that the magistrate judge should not have considered Plaintiff's subjective beliefs when determining whether to award fees. Opp'n at 3-4. In the Ninth Circuit, the district court has discretion to refuse or award costs. Draper v. Rosario, 836 F.3d 1072, 1087 (9th Cir. 2016). A prevailing defendant in a civil rights case may receive a fee award if the plaintiff's action was "unreasonable, frivolous, meritless, or vexatious." Galen v. Cnty. of L.A., 477 F.3d 652, 666 (9th Cir. 2007). Where the plaintiff is an uncounseled prisoner, the Supreme Court has stated that limitations on awarding fees "apply with special force" and "fees should rarely be awarded against

such plaintiffs." Hughes v. Rowe, 449 U.S. 5, 15 (1980).

Defendants argue fees must be awarded because one of the facts alleged—that Plaintiff's parental rights were terminated—was demonstrably false, and thus they conclude Plaintiff's case was entirely frivolous. Yet the Court did not dismiss Plaintiff's case because it was frivolous or wholly without merit. Rather, the Court dismissed Plaintiff's case, without prejudice, for failure to join a necessary party pursuant to Federal Rules of Civil Procedure 12(b)(7) and (19). Based on the material submitted, Defendants have not carried their burden of showing that Plaintiff's actions were objectively unreasonable, frivolous, meritless, or vexatious.

Accordingly, Defendants' motion for attorney's fees is denied.

### III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that:

1. The Court adopts in part and modifies in part the findings and recommendations, ECF No. 43, filed January 23, 2018;

2. Defendants' motion for attorney's fees, ECF No. 39, is denied.

Dated: May 2, 2018.

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

4